**Opinion issued August 9, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00328-CR

———————————

**MARLENE JEAN OROSCO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1595760**

---

## MEMORANDUM OPINION

Appellant, Marlene Jean Orosco, pleaded guilty to the felony offense of robbery. TEX. PENAL CODE § 29.02(a). In accordance with the terms of a plea-bargain agreement, the trial court signed an order on October 3, 2018, placing

Orosco on deferred adjudication community supervision for three years. Orosco filed a notice of appeal from her "conviction."[1]

In criminal cases, the deadline for filing the notice of appeal is thirty days after the appealable order or judgment is signed. *See* TEX. R. APP. P. 26.2(a)(1). If a timely motion for new trial is filed, the deadline is extended to ninety days from the date the appealable order or judgment is signed. *See* TEX. R. APP. P. 26.2(a)(2). Orosco filed no motion for new trial and thus, her notice of appeal was due thirty days after the trial court signed the order of deferred adjudication on October 3, 2018. Orosco did not file her notice of appeal until March 11, 2020. Thus, her notice of appeal was not timely filed. Without a timely-filed notice of appeal, we lack jurisdiction. *See* TEX. R. APP. P. 25.1(b).

Moreover, in a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

---

[1] A supplemental clerk's record was filed in May 2021 revealing that the trial court had terminated Orosco's deferred adjudication community supervision and discharged her.

2

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because Orosco has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).